# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID BURNS,

    Plaintiff,

v.

M.D. HANF, et al.,

    Defendants.

Case No. 2:19-cv-00722-JAD-NJK

**REPORT AND RECOMMENDATION**

[Docket No. 27]

    Pending before the Court is Plaintiff's motion for a preliminary injunction. Docket No. 27. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 27, 29, 30. The motion is properly resolved without a hearing. *See* LR 78-1.

    On October 28, 2020, the Court issued a screening order permitting Plaintiff to proceed with an Eighth Amendment claim against Defendants Dr. Wolf, Pillsbury, Martin, and Dr. Hanf. Docket No. 9 at 6. The Court found that Plaintiff stated a colorable claim for deliberate indifference to serious medical needs based on his allegations that Defendants knew he had a fractured finger and failed to treat his fractured finger. *Id.* Plaintiff now seeks a preliminary injunction in the form of a Court order directing Defendants to provide him with surgery on his fractured finger. Docket No. 27 at 1.

    "When moving for a preliminary injunction . . . the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest." *Thomas v. Cox*, 2018 WL 5904499, at *1 (D. Nev. Oct. 24, 2018) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). In the Ninth Circuit, courts apply a "sliding scale approach," where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Further, "a more stringent standard applies where

a party seeks affirmative relief." *Odoms v. Aranas*, 2017 WL 3317416, at *2 (D. Nev. Aug. 3, 2017). "[M]andatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and 'extreme or very serious damage will result.'" *Thomas*, 2018 WL 5904499, at *1 (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979)).

In the instant motion, Plaintiff dedicates much of his argument to discussing the elements of an Eighth Amendment claim. *See* Docket No. 27 at 1–2. In so doing, Plaintiff submits that a likelihood that his constitutional rights are violated is sufficient to establish the irreparable harm element for a preliminary injunction. *Id.* at 2. Plaintiff's motion, however, fails to discuss the remaining elements for a preliminary injunction.[1] Further, Plaintiff's motion fails to establish whether a preliminary injunction is appropriate in light of the more stringent standard that applies when seeking affirmative injunctive relief. Courts only address well-developed legal arguments. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for a preliminary injunction, Docket No. 27, be **DENIED** without prejudice.

Dated: August 2, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] In reply, Plaintiff, for the first time, raises arguments regarding the remaining elements for a preliminary injunction. *See* Docket No. 30 at 2–3. It is improper to raise arguments for the first time in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).