UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BURNS,<br><br>    Plaintiff,<br><br>v.<br><br>M.D. HANF, et al.,<br><br>    Defendants. | Case No. 2:19-cv-00722-JAD-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket Nos. 35, 36] |

    Pending before the Court is Plaintiff's motion for a preliminary injunction. Docket No. 35. Plaintiff simultaneously filed a motion seeking oral argument. Docket No. 36. The Court has considered Plaintiff's motions and Defendants' response. Docket Nos. 35, 36, 37. No reply was filed. *See* Docket. The motion is properly resolved without a hearing. *See* LR 78-1. For the reasons discussed below, the undersigned **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**.[1]

    On October 28, 2020, the Court issued a screening order permitting Plaintiff to proceed with an Eighth Amendment claim against Defendants Wolf, Pillsbury, Martin, and Hanf. Docket No. 9 at 6. The Court found that Plaintiff stated a colorable claim for deliberate indifference to serious medical needs based on his allegations that Defendants knew he had a fractured finger and failed to treat his fractured finger. *Id.* Plaintiff now seeks a preliminary injunction in the form of a Court order requiring Northern Nevada Correctional Center to allow him one hour of in-person computer research time each day in the law library and up to 20 case checkouts each day. Docket No. 35 at 2, 5.

---

[1] As a result, Plaintiff's pending motion for oral argument on this matter, Docket No. 36, is **DENIED** as moot.

1

Courts can grant preliminary injunctive relief pursuant to Federal Rule of Civil Procedure 65. These remedies are "extraordinary and drastic…[and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). "When moving for a preliminary injunction . . . the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest." *Thomas v. Cox*, 2018 WL 5904499, at *1 (D. Nev. Oct. 24, 2018) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). In the Ninth Circuit, courts apply a "sliding scale approach," where "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Further, "a more stringent standard applies where a party seeks affirmative relief." *Odoms v. Aranas*, 2017 WL 3317416, at *2 (D. Nev. Aug. 3, 2017). "[M]andatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and 'extreme or very serious damage will result.'" *Thomas*, 2018 WL 5904499, at *1 (quoting *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979)).

When the relief sought relates to prison conditions, any injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and consist of the least intrusive means necessary to correct the harm. Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(2). Courts must "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." *Id. See also Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). This analysis applies to any relief other than compensatory monetary damages. *Id.* at 999.

In addition to these requirements, any request must show "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). The person seeking relief must demonstrate a "sufficient nexus between the claims raised in a motion for injunctive relief and the claim set forth in the underlying complaint itself." *Id.* (internal

citations omitted).  Without a sufficient nexus, "the district court lacks authority to grant the relief requested." *Id.*

In the instant motion, Plaintiff dedicates much of his argument to explaining how the requested relief is necessary because his inability to access the law library as he desires directly impedes his First Amendment right of access to the courts. *See* Docket No. 35 at 2-4.  However, the only claim Plaintiff properly has before the Court is his Eighth Amendment violation claim. *See* Docket No. 9 at 6.  Plaintiff's motion fails to draw any nexus between the claims raised in his motion for injunctive relief and his Eighth Amendment claim.  Without any nexus, the Court would exceed its jurisdiction in granting the requested relief.[2]

Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for a preliminary injunction, Docket No. 35, be **DENIED** without prejudice.

Dated: November 4, 2021

                                                                  Nancy J. Koppe
                                                                  United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[2] In any event, Defendants submit that Plaintiff already has adequate access to the law library.  Docket No. 37 at 5-6.  Plaintiff has not contradicted this assertion.

3