# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BURNS,<br>    Plaintiff,<br>v.<br>M.D. HANF, et al.,<br>    Defendants. | Case No. 2:19-cv-00722-JAD-NJK<br>**Order**<br>[Docket Nos. 54, 55] |

Pending before the Court is Plaintiff's motion requesting issuance of summons on Defendant Edmund Pillsbury. Docket No. 54. Plaintiff simultaneously filed a motion requesting additional time to effectuate service on Defendant Pillsbury. Docket No. 55.

## I.   BACKGROUND

This is a prisoner civil rights action centered on alleged deliberate indifference to serious medical needs. The case was initiated on April 26, 2019. Docket No. 1. Upon screening various iterations of the complaint and allowing time for settlement discussions, the Court ordered that service be effectuated by July 27, 2021. Docket No. 20 (citing Fed. R. Civ. P. 4(m)). On May 17, 2021, the Office of the Attorney General ("Attorney General") made clear that it could not accept service for Defendant Pillsbury, because it could not identify the defendant after reasonable effort. Docket No. 21 at 2.

Having not received proof of service for Defendant Pillsbury, on January 18, 2022, the Court issued a notice of intent to dismiss him pursuant to Rule 4(m). Docket No. 52. Plaintiff now responds to that notice by filing the instant motions. Docket Nos. 54, 55.

## II.   REQUEST FOR SUMMONS

On October 28, 2020, the Court permitted Plaintiff to proceed with an Eighth Amendment claim against Defendants Dr. Wolf, Pillsbury, Martin, and Dr. Hanf. Docket No. 9. On April 28, 2021, the Court ordered the Attorney General to, *inter alia*, "file a notice advising the Court and

1

Plaintiff of (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known address information under seal." Docket No. 20 at 2. The Court ordered that, for defendants for whom the Attorney General could not accept service, Plaintiff was to file motions on the docket identifying the unserved defendants, requesting issuance of summons, and specifying a full name and address for the defendants. *Id.* The Attorney General filed a notice on May 17, 2021, submitting that it could not accept service for Defendant Pillsbury because it could not identify the defendant after a reasonable effort. Docket No. 21 at 2.

On July 26, 2021, the Court denied Plaintiff's previous request for issuance of summons for Defendant Pillsbury because his request failed to include a full name and address for Defendant Pillsbury. Docket No. 28. Plaintiff's renewed request similarly fails to include a full name and address for Defendant Pillsbury. Docket No. 54. Accordingly, Plaintiff's request for issuance of summons, Docket No. 54, is **DENIED** without prejudice.

### III.   SERVICE EXTENSION

Plaintiff asks the Court to extend the service deadline from February 17, 2022. Docket No. 55. Plaintiff asks the Court to extend the deadline because of his lack of knowledge of the service process. *Id.*

"The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Defendants not served by the applicable deadline are subject to dismissal. Fed. R. Civ. P. 4(m). The purpose behind the service deadline is to enforce the need for litigants to be diligent in pursuing their cases. *See Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319, 320-21 (9th Cir. 1987). "Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service." *Bivins v. Ryan*, 2013 WL 2004462, at *3 (D. Nev. May 13, 2013). In exercising its discretion with respect to dismissal, courts may instead provide an extension to the service deadline. *See id.*; *see also Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

Additional means are available to *pro se* prisoners proceeding *in forma pauperis* to effectuate service, such as assistance from the United States Marshal if requested. *See Boudette v.*

*Barnette*, 923 F.2d 754, 757 (9th Cir. 1991). Nonetheless, a plaintiff's *pro se* status does not excuse a failure to effectuate service in a timely manner. *Colen v. United States*, 2008 WL 2051597, at *4 (C.D. Cal. May 12, 2008). It ultimately remains the plaintiff's responsibility to obtain an address at which the defendant may be served. *Gibbs v. Fey*, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017), *adopted*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018). Moreover, it is the plaintiff's responsibility to file a request for specific relief providing the pertinent information. *See Himmelberger v. Vasques*, 2009 WL 1011733, at *1 (N.D. Cal. Apr. 15, 2009) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). "While the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as his attorney and cannot make decisions on his behalf regarding how his case should proceed." *Gibbs*, 2017 WL 8131473, at *3; *accord Bivins*, 2013 WL 2004462, at *3.

Plaintiff's motion provides no discussion of why service has not been effectuated since April 2021. Plaintiff similarly does not address the relevant standards establishing that good cause exists for an extension of the service deadline. However, the deadline to effectuate service may be extended absent a showing of good cause. *See* Fed. R. Civ. P. 4(m); *see also in re Shaheen*, 253 F.3d 507, 512 (9th Cir. 2001). The Court will, therefore, provide a 60-day period for effectuating service, with the caveat that **there will be no further extensions provided.**

Accordingly, the motion to extend, Docket No. 55, is **GRANTED** and the deadline to complete service is **EXTENDED** to April 18, 2022.

IT IS SO ORDERED.

Dated: February 11, 2022

_____
Nancy J. Koppe
United States Magistrate Judge